IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, PETE RICKETTS, GAYLOR BAIRD, and JEFF BLIEMEISTER,<br><br>　　　　　Defendants. | 4:21CV3031<br><br>**MEMORANDUM AND ORDER** |

    Plaintiff Yohan Webb is currently incarcerated at the Lancaster County Jail. The court has granted Plaintiff permission to proceed in forma pauperis (Filing 15), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

    Plaintiff's Complaint contains no factual allegations, but instead repeatedly directs the court to "SEE ORIGINAL COMPLAINT THAT WAS UPLOADED." (Filing 1 at CM/ECF pp. 4-6.) Plaintiff is apparently referencing the complaint from a previous case filed in this court, Case No. 8:19CV416. (Filing 1 at CM/ECF p. 10 (citing prior lawsuit he filed in federal court dealing with same facts).) Plaintiff's prior case, which sued the same Defendants among others, was dismissed on July 10, 2020, without prejudice for lack of prosecution and failure to comply with this court's orders. The lawsuit now before the court is an apparent attempt to relitigate the same facts against some of the same parties.[1]

---

[1] In the current case before the court, Plaintiff erroneously states that he is filing this second lawsuit in Lincoln, Nebraska, as opposed to Omaha, Nebraska,

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint

---

because the events at issue occurred in Lincoln, making Lincoln the "correct venue." (Filing 1 at CM/ECF p. 10.) Plaintiff overlooks the fact that "Nebraska constitutes one judicial district." 28 U.S.C. § 107. Plaintiff also incorrectly states that "there is no statute of limitations for civil rights violations." (Filing 1 at CM/ECF p. 10 (capitalization corrected).) "The applicable state law statute of limitations governs § 1983 claims." *Baker v. Chisom*, 501 F.3d 920, 922 (8th Cir. 2007). In Nebraska, § 1983 actions are limited by a four-year statute of limitations. *See Montin v. Estate of Johnson*, 636 F.3d 409, 412 (8th Cir. 2011); *Poor Bear v. Nesbitt*, 300 F. Supp. 2d 904, 912-13 (D. Neb. 2004); Neb. Rev. Stat. § 25-207; *Bauers v. City of Lincoln*, 514 N.W.2d 625, 634 (Neb. 1994) (relying on *Bridgeman v. Nebraska State Pen.*, 849 F.2d 1076, 1077 (8th Cir. 1988)).

must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Plaintiff's Complaint

Because Plaintiff makes no factual allegations, he fails to give the Defendants fair notice of the nature and grounds for his claims, as well as a general indication of the type of litigation involved. *Topchian*, 760 F.3d at 848. Further, he fails to plead factual content that would allow this court to draw the reasonable inference that the Defendants are liable for any sort of misconduct. *Ashcroft*, 556 U.S. at 678. Therefore, Plaintiff's Complaint currently fails to state a claim upon which relief can be granted.

While the court will grant Plaintiff leave to amend his Complaint to state factual allegations, Plaintiff should note that if his factual allegations are exactly the same as those already considered by the court in Case No. 8:19CV416, the court has already concluded that the State of Nebraska and Pete Ricketts, in his official capacity as Governor of the State of Nebraska, should be dismissed from the action based on Eleventh Amendment immunity and there were no facts alleged which supported a finding of liability against Mayor Gaylor Baird and Chief of Police Jeff Bliemeister. (Case No. 8:19CV416 at CM/ECF pp. 8-10.) These are the only four Defendants sued in the case now before the court.

### B. Plaintiff's Motions

The Plaintiff has filed a variety of miscellaneous motions that will be individually addressed below.

3

### 1. Motion to Appoint Counsel (Filing 3)

The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent at this time. Thus, Plaintiff's Motion to Appoint Counsel (Filing 3) will be denied without prejudice.

### 2. Motion for Copy of Complaint (Filing 5)

Plaintiff requests a free copy of the complaint filed in Case No. 8:19CV416. The statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. *See* 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973)). If Plaintiff requires copies of court documents, he should contact the Clerk of the Court's office to determine the proper method of requesting and paying for copies. Plaintiff's Motion will be denied.

### 3. Motion to Seal (Filing 13)

Plaintiff moves to seal various documents which were filed and have been publicly available for some time in this case and in Case No. 8:19CV416 because such filings "establish[] an 'evidentiary record' of no 'facts in dispute' to establish said violations by said judge" and can "be used in any and all investigation, grievances, complaints or review by the U.S. Senate for removal of a sitting U.S. federal judge should such investigations require." (Filing 13 (capitalization removed).)

As required by NECivR 7.5(a)(1), Plaintiff's Motion does not "state why sealing is required and whether redaction could eliminate or reduce the need for sealing," nor was the proper procedure followed for filing a potentially sealed document. Accordingly, Plaintiff's Motion to Seal will be denied.

### 4. Motion for Clarification (Filing 14)

Plaintiff wishes to know why this case, which Plaintiff has filed in the "correct venue," has been "circumvented back to the incorrect venue" and assigned to Judge Kopf, the same judge who was assigned to Case No. 8:19CV416. As noted above, "Nebraska constitutes one judicial district," 28 U.S.C. § 107, and Judge Kopf handles the entire pro se docket for Nebraska's one judicial district. (Filing 8 ¶ 13 ("Judge Kopf is the supervising pro se judge, and is assigned the overall responsibility for the management of cases assigned to the pro se docket."; Filing 8 ¶ 22 ("all . . . pro se cases filed in this court will be directly assigned to Judge Kopf").) Plaintiff's Motion for Clarification (Filing 14) will be granted.

### 5. Motion for Discovery (Filing 16)

Before this case is permitted to progress—including engaging in discovery—the court is required to review Plaintiff's in forma pauperis complaint to determine whether summary dismissal is appropriate. After such review, the court must dismiss the complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Here, Plaintiff is being granted permission to file an amended complaint, and discovery will progress only after the sufficiency of Plaintiff's amended complaint is determined. Plaintiff's Motion for Discovery (Filing 16) will be denied.

5

### 6. Motion for Summary Judgment (Filing 22)

For the reasons stated in paragraph (5) above, Plaintiff's Motion for Summary Judgment is premature because the court has not yet performed initial review of Plaintiff's to-be-filed amended complaint. Plaintiff's Motion for Summary Judgment (Filing 22) will be denied.

### 7. Motion for New Judge (Filing 23)

Plaintiff requests a new judge because he objects to my rulings in other of Plaintiff's cases. "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144 (Westlaw 2020). "[T]he plain text of § 144 mandates only that a district court judge ensure that another judge is assigned to any case in which a litigant has sufficiently alleged bias or prejudice, not that the recusal decision itself be rendered by a judge other than the judge to whom the motion is addressed." *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017).

"Relief under section 144 is expressly conditioned on the timely filing of a legally sufficient affidavit." *Holloway v. United States*, 960 F.2d 1348, 1355 (8th Cir. 1992) (quoting *United States v. Faul,* 748 F.2d 1204, 1210 (8th Cir. 1984)); *see United States v. Johnson*, 827 F.3d 740, 746 (8th Cir. 2016) (a legally sufficient affidavit is required to disqualify a judge from hearing a case). Because Plaintiff has not filed a legally sufficient affidavit—or, for that matter, any form of affidavit—he is not entitled to any relief under 28 U.S.C. § 144.

Alternatively, a recusal motion may be considered under 28 U.S.C. § 455, which provides, *inter alia*, that a judge shall disqualify himself where "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1) (Westlaw 2020).

"Under both sections 144 and 455, the moving party is required to show personal bias or prejudice on the part of the presiding judge." *United States v. Jones*, 801 F.2d 304, 312 (8th Cir. 1986). "To be disqualifying, the judge's bias or prejudice must stem from an extrajudicial source." *Id.*; *Rossbach v. United States*, 878 F.2d 1088, 1089 (8th Cir. 1989) ("[T]here is no basis for disqualification absent a showing of personal bias or prejudice arising from an extrajudicial source."). That is to say, "personal bias or prejudice" does not include opinions held by judges acquired in the course of the proceedings, nor does it include opinions held as a result of what judges learned in earlier proceedings. *See Liteky v. United States*, 510 U.S. 540, 551 (1994). "Moreover, a party is not entitled to recusal merely because a judge is 'exceedingly ill disposed' toward them, where the judge's 'knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings . . . .'" *In re Steward*, 828 F.3d 672, 682 (8th Cir. 2016) (quoting *Liteky*, 510 U.S. at 551). "Judicial rulings rarely establish a valid basis for recusal." *United States v. Melton*, 738 F.3d 903, 906 (8th Cir. 2013). "Here, [Plaintiff's] accusations are premised entirely on unfavorable rulings in previous litigation, which are neither extrajudicial, nor indicative of bias." *Buttercase v. Frakes*, No. 8:18-CV-131, 2019 WL 2513678, at *1 (D. Neb. June 18, 2019).

Therefore, Plaintiff's Motion for New Judge (Filing 23) will be denied.

### 8. Motion for Recusal (Filing 24)

Plaintiff has filed a Motion entitled "A Writ of Mandamus" which was docketed as a Motion for Recusal (Filing 24). The Motion requests a ruling on Plaintiff's prior request for a three-judge court pursuant to NECivR 9.1(c) (2020) (Filing 10) to determine whether Judge Kopf has a conflict of interest in this case based on his rulings in Case No. 8:19CV416. Local Rule 9.1(c) applies to "an action or proceeding under 28 U.S.C. § 2284 or any other federal law." Title 28, Section 2284, requires "[a] district court of three judges [to be] convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the

7

apportionment of any statewide legislative body." 28 U.S.C. § 2284(a) (Westlaw 2021). There is no indication that this is the type of case to which the three-judge court applies.[2] Therefore, Plaintiff's Motion will be denied.

### 9. Motion for Copies (Filing 25)

If Plaintiff requires copies of court documents, he should contact the Clerk of the Court's office to determine the proper method of requesting and paying for copies. Plaintiff's Motion for Copies (Filing 25) will be denied.

## IV. CONCLUSION

In its present form, Plaintiff's Complaint fails to state a claim upon which relief can be granted. On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that states a claim upon which relief can be granted. The amended complaint must specify the capacity in which the defendants are sued; must either identify each defendant by name or include allegations specific enough to permit the identity of unnamed defendants after reasonable discovery; and must set forth all of Plaintiff's claims (and any supporting factual allegations) against each defendant. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his Complaint (Filing 1) and any new allegations. Plaintiff should be mindful to explain what each defendant did to him, when each defendant did it, and how each defendant's actions

---

[2] Plaintiff's request for a three-judge court was buried at the end of a three-page litany of complaints about Judge Kopf's alleged conflict of interest, failure to recuse, judicial violations, and federal investigations Plaintiff has requested. (Filing 10.) Even if this were the type of case in which a three-judge court was appropriate, which it is not, Plaintiff has failed to "include the words '3-Judge District Court Requested' or the equivalent immediately after the title of the first pleading in which the cause of action requiring a 3-judge court is pleaded. Unless the basis for the request is apparent from the pleading, it must be stated in the pleading or in a brief attached statement." NECivR 9.1(c) (2020).

harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A after he addresses the matters set forth in this Memorandum and Order. Accordingly,

IT IS ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must either identify each defendant by name or, if unnamed, include allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery; state the capacity (official, individual, or both) in which each defendant is sued; and set forth all of Plaintiff's claims (and any supporting factual allegations) against each defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when each defendant did it, and how each defendant's actions harmed him.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

9

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: May 10, 2021—amended complaint due.

5. Plaintiff's Motion to Appoint Counsel (Filing 3) is denied without prejudice, and the Motions found at Filings 5, 13, 16, 22, 23, 24, 25 are denied.

6. Plaintiff's Motion for Clarification (Filing 14) is granted.

7. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 8th day of April, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge