IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>  Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, PETE RICKETTS, GAYLOR BAIRD, and JEFF BLIEMEISTER,<br><br>  Defendants. | 4:21CV3031<br><br>**MEMORANDUM AND ORDER** |

Plaintiff has filed an "emergency injunction and injunctive relief . . . against Richard G. Kopf . . . in the form of a restraining order" (Filing 28) asserting that the undersigned United States district judge denied him access to the courts and acted pursuant to a "Black Code"[1] when I dismissed one of Plaintiff's prior cases without prejudice for failing to prosecute and follow court orders (Filings 59, 60, 64, 67, 71 in Case No. 8:19CV416) and when I denied Plaintiff's motions to appoint counsel, do discovery, and obtain video footage that would identify each defendant in that prior case.[2] Plaintiff requests a restraining order removing me as a judge in this case because I am biased in this case based on my decisions in his prior case. (Filing 28 at CM/ECF p. 6.)

---

[1] Plaintiff describes a "Black Code" as a law that attempts to return ex-slaves to something similar to their former condition. (Filing 28 at CM/ECF p. 4.)

[2] Plaintiff's prior case was dismissed because he failed to pay $400.00 in filing and administrative fees or file a request for leave to proceed in forma pauperis within 30 days after he was released from prison. (Filings 56, 59 in Case No. 8:19CV416.) His dismissal had nothing to do with failure to identify each defendant by name or lack of proof that could have been gleaned from discovery.

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's motion for injunctive relief. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id.* at 114.

"No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113. The burden of proving that a preliminary injunction should be issued rests entirely with the movant. *Modern Computer Systems v. Modern Banking Systems*, 871 F.2d 734, 737 (8th Cir. 1989) (en banc) (superseded by state statute on other grounds).

Here, the court finds that the *Dataphase* factors do not favor Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief. Plaintiff's motion for injunctive relief (Filing 28) does not set forth any argument or evidence showing any probability that he will succeed on the merits of the complaint. Furthermore, Plaintiff has not filed an affidavit or verified complaint clearly showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," Fed. R. Civ. P. 65(b), as he is required to do when requesting injunctive relief without notice to the defendants. In light of this, and in consideration of all of the factors, the court sees no reason to "intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113.

Therefore, Plaintiff's motion for injunctive relief will be denied.

Plaintiff's motion also asserts several criticisms about the court's orders in this case that demonstrate Plaintiff's misunderstanding of the process of initial review. In order to correct such misunderstanding, I advise Plaintiff of the following:

(1) Plaintiff's amended complaint need not—and should not be—an exact, word-for-word replica of Plaintiff's complaint in Case No. 8:19CV416 or 4:21CV3031 because the court has decided Plaintiff's original complaints were deficient in some fashion. Thus, the amended complaint should contain allegations from the original complaints that are necessary to state his desired claims PLUS new allegations that the court determined were missing from those complaints that are necessary to state a claim. Plaintiff may contact the Clerk of the Court to arrange for paid photocopies of the original complaints to be sent to him if needed to refresh his memory. *Duwenhoegger v. Miles*, No. 17-CV-1432, 2017 WL 2799155, at *1 (D. Minn. June 28, 2017) ("An IFP litigant is not entitled to free copies of documents that he submitted to the Court." (collecting cases)); NECivR 5.1(e)(3) ("A party who requests a copy of a paper document submitted for filing must, at the time of filing, supply the clerk's office with the copy and, if the return is to be made by mail, a self-addressed, stamped envelope.").

(2) Plaintiff need not obtain videotape evidence or other documentation at this point because discovery is not allowed until the court has performed an initial review of the operative complaint, service of process has occurred, and the defendants have answered. Plaintiff need not obtain video evidence in order to identify the defendants because, in his amended complaint, Plaintiff may either identify the defendants by name *or* "include allegations specific enough to permit the identity of unnamed defendants after reasonable discovery." (Filing 27 at CM/ECF p. 8.)

(3) The court has already discussed in detail why the undersigned United States district judge need not recuse himself from this case. (Filing 27 at CM/ECF pp. 6-7.)

3

(4) Plaintiff is advised to refrain from repeatedly filing motions that have already been ruled upon, as such motion practice diverts the court's resources from addressing the merits of this dispute. (See Filing 27 (ruling on motions to appoint counsel, for copy of complaint, to seal, for clarification, for discovery, for summary judgment, for new judge, for recusal, and for copies).)

IT IS ORDERED:

1. Plaintiff's "emergency injunction and injunctive relief . . . against Richard G. Kopf . . . in the form of a restraining order" (Filing 28) is denied.

2. Plaintiff's Motion for Free Copies (Filing 29) is denied.

DATED this 19th day of April, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

4