# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF NEBRASKA, PETE RICKETTS, GAYLOR BAIRD, and JEFF BLIEMEISTER,<br><br>　　　　　　Defendants. | 4:21CV3031<br><br>**MEMORANDUM AND ORDER** |

　　　　Plaintiff filed an earlier action in this court (Case No. 8:19CV416), but the suit was dismissed because Plaintiff failed to pay the $400.00 filing and administrative fees or file a request for leave to proceed in forma pauperis. (Filing 59 in Case No. 8:19CV416.) When Plaintiff filed numerous documents in that case attempting to resurrect it after judgment was entered, the court instructed Plaintiff, "Because the dismissal was without prejudice, Plaintiff is not prohibited from refiling the action." (Filing 80 in Case. No. 8:19CV416.)

　　　　Plaintiff then filed Case No. 4:21CV3031 with a Complaint that lacked any factual allegations, but repeatedly referred to the "original complaint that was uploaded into the electronic case filing." (Filing 1 in Case No. 4:21CV3031.) Because Plaintiff made no factual allegations in that Complaint, the court on initial review concluded that Plaintiff failed to state a claim upon which relief can be granted and gave Plaintiff leave to file an amended complaint to "explain what each defendant did to him, when each defendant did it, and how each defendant's actions harmed him." (Filing 27 at CM/ECF pp. 8-9 in Case No. 4:21CV3031.)

　　　　As part of an apparent attempt to use the Complaint he filed in Case No. 8:19CV416 as the amended complaint in Case No. 4:21CV3031, Plaintiff has inundated the court with requests for a free copy of the Complaint in 8:19CV416. The court has denied Plaintiff's previous requests, stating:

> Plaintiff may contact the Clerk of the Court to arrange for paid photocopies of the original complaints to be sent to him if needed to refresh his memory. *Duwenhoegger v. Miles*, No. 17-CV-1432, 2017 WL 2799155, at *1 (D. Minn. June 28, 2017) ("An IFP litigant is not entitled to free copies of documents that he submitted to the Court." (collecting cases)); NECivR 5.1(e)(3) ("A party who requests a copy of a paper document submitted for filing must, at the time of filing, supply the clerk's office with the copy and, if the return is to be made by mail, a self-addressed, stamped envelope.").

(Filing 30 at CM/ECF p. 3 in Case No. 4:21CV3031.)

Plaintiff has now filed another Motion for Free Copy of his Complaint in Case No. 8:19CV416. (Filing 32 in Case No. 4:21CV3031.) He advises the court that the balance in his inmate account is -$11.01; he has no money to pay for copies or a stamped self-addressed envelope; he is not allowed to use the CM/ECF system, so he has no way to hand-copy the Complaint; and he sent a request for a free copy of the complaints when he filed both cases, "but as of date, I have yet to receive a copy 'what happened'? I followed the Ne. Civ Rule." (Filing 32 at CM/ECF p. 2.)

It is true that Plaintiff did request that the Clerk of Court return a file-stamped copy of his Complaint in Case No. 8:19CV416, but it is not clear that he complied with NECivR 5.1(e)(2) ("An attorney who wishes to have an original document returned after the clerk scans and uploads it to the System may, before submitting the document to the clerk, ask the assigned judge for written authorization for the document's return. Authorization is granted on a case-by-case basis.") or NECivR 5.1(e)(3) ("A party who requests a copy of a paper document submitted for filing must, at the time of filing, supply the clerk's office with the copy and, if the return is to be made by mail, a self-addressed, stamped envelope."). *See* NEGenR 1.3(g) ("parties who proceed pro se are bound by and must comply with all local and federal procedural rules"). Nevertheless, in the interest of justice, and because it is apparent that Plaintiff does not have any assets or means by which to pay for a copy of the Complaint in Case No. 8:19CV416, the court shall direct the Clerk of Court to provide such copy to Plaintiff on a ***one-time basis***. *See, e.g.*, Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "should be

construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"); NEGenR 1.1(c) ("in the interest of justice a judge may deviate from this court's rules or procedures").

Once again, Plaintiff is cautioned that his amended complaint in this case need not—and should not be—an exact, word-for-word replica of Plaintiff's Complaint in Case No. 8:19CV416 because the court has decided that Complaint was deficient in various respects. (*See* Filing 35 in Case No. 8:19CV416.) Thus, the amended complaint should contain allegations from the original Complaint that are necessary to state his desired claims plus new allegations that the court determined were missing from that Complaint that are necessary to state a claim.

Accordingly,

IT IS ORDERED:

1. The Clerk of Court shall send to Plaintiff at his last-known address a free copy of the Complaint (Filing 1) in Case No. 8:19CV416; and

2. The above-referenced Complaint is being provided to Plaintiff on a one-time basis, and Plaintiff shall be entitled to **NO FURTHER FREE COPIES** of any document contained in the court's records. Future requests for copies must strictly comply with NECivR 5.1(e)(2) & (3).

DATED this 3rd day of May, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge