IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| YOHAN WEBB, | |
|---|---|
| Plaintiff, | 4:21CV3031 |
| vs. | |
| STATE OF NEBRASKA, PETE RICKETTS, GAYLOR BAIRD, and JEFF BLIEMEISTER, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff has filed a variety of motions, each of which will be discussed separately below.

### 1. Motion for Extension of Time to Amend Complaint (Filing 35):

Plaintiff requests more time to amend his Complaint in order to obtain video footage to positively identify various defendants. Although a complaint must include the names of all the parties, *see* Fed. R. Civ. P. 10(a), "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "Dismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention."[1] *Munz v. Parr*, 758

---

[1] "It is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit. *See Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 789 (7th Cir. 1995) (Posner, C.J.). This rule has been relaxed, however, in actions brought by *pro se* litigants. *Id.* In a number of cases analogous to that at bar, appellate courts have found error in a trial court's refusal to assist a *pro se* plaintiff in identifying a defendant. This is particularly so where the plaintiff is incarcerated,

F.2d 1254, 1257 (8th Cir. 1985); *see Majors v. Baldwin*, 456 F. App'x 616, 617 (8th Cir. 2012) (per curiam; unpublished) (remanding for further consideration the pre-service dismissal of claims against unnamed defendants who it appeared could be identified); *Wheat v. Schriro*, 80 F. App'x 531, 534 (8th Cir. 2003) (per curiam; unpublished) (reversing dismissal of retaliation claim against unidentified third-shift corrections staff where "there is no reason to believe that on remand their identities could not be discovered"); *cf. Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (district court did not err in dismissing claims against Doe defendants where complaint "does not sufficiently allege who the Doe Defendants are, what they allegedly did, what their position is for the City, or any other facts that would permit the Doe Defendants to be noticed or identified through discovery"); *Gray v. Weber*, 244 F. App'x 753, 754 (8th Cir. 2007) (per curiam; unpublished) (affirming pre-service dismissal where the only named defendant, a prison warden, was not alleged to have any personal involvement in, or direct responsibility for, alleged denial of medical care, and it was impossible to discern from complaint which medical-staff employees were responsible for denying plaintiff care).

As long as Plaintiff describes in his amended complaint the positions of the unidentified defendants, how they were personally involved in the alleged unconstitutional actions or inactions, and other facts that would permit such defendants to be noticed or identified after discovery (which occurs AFTER this matter undergoes initial review and goes to service of process), Plaintiff can simply characterize these defendants as "Doe Defendants" in the amended complaint, to be specifically identified later.

I shall grant Plaintiff's request, not to enable him to obtain videotape footage, but because his amended complaint is due today, and he obviously needs an extension of time to file the amended complaint.

---

and is thus unable to carry out a full pre-trial investigation." *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997).

### 2. Motion to Amend (Filing 37):

Plaintiff's Motion purports to be a "partial amendment" of his Complaint and identifies a Defendant and complains that his car has been towed. Plaintiff has been given an opportunity to file an amended complaint (Filing 27), and ALL allegations against ALL Defendants must be contained in ONE amended complaint, not in piecemeal fashion in various documents. Because Plaintiff will be granted until June 1, 2021, to file an amended complaint pursuant to the directions in Filing 27, Plaintiff's Motion (Filing 37) to accept his partial amendment will be denied.

### 3. Motion for Verification (Filing 38):

The court declines to verify the contents of the Complaint filed in one of Plaintiff's other cases (Case No. 8:19CV416) because the court has sent Plaintiff a copy of such Complaint. (Filings 33, 34.) He can verify the contents of the Complaint himself.

### 4. Motion for Injunction (Filing 40):

Plaintiff requests that this court order the U.S. Marshals to seize videotaped evidence that "is the foundation to the Plaintiff's allegations set forth in the complaint." (Filing 40 at CM/ECF p. 3.) As stated above, Plaintiff's request is in the nature of discovery, which does not occur until the court completes initial review of Plaintiff's Complaint and service of process is ordered.

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's motion for injunctive relief. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the

probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id.* at 114.

"No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113. The burden of proving that a preliminary injunction should be issued rests entirely with the movant. *Modern Computer Systems v. Modern Banking Systems*, 871 F.2d 734, 737 (8th Cir. 1989) (en banc) (superseded by state statute on other grounds).

Here, the court finds that the *Dataphase* factors do not favor Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief. Plaintiff's motion for injunctive relief does not set forth any argument or evidence showing any probability that he will succeed on the merits of the Complaint. Furthermore, Plaintiff has not filed an affidavit or verified complaint clearly showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," Fed. R. Civ. P. 65(b), as he is required to do when requesting injunctive relief without notice to the defendants.[2] In light of this, and in consideration of all of the factors, the court sees no reason to "intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113.

Therefore, Plaintiff's motion for injunctive relief will be denied.

IT IS ORDERED:

---

[2] Plaintiff only states: "I do not know how long [the video footage] is stored before it is destroyed and or altered by the defendants, et al." (Filing 41 at CM/ECF p. 3.)

1. Plaintiff's Motion for Extension of Time to Amend Complaint (Filing 35) is granted insofar as Plaintiff may have until June 1, 2021, to file his amended complaint in accordance with Filing 27. As Plaintiff has been reminded before, ALL allegations against ALL defendants must be contained in ONE amended complaint.

2. Plaintiff's Motion to Amend (Filing 37) is denied.

3. Plaintiff's Motion for Verification (Filing 38) is denied.

4. Plaintiff's Motion for Injunction (Filing 40) is denied.

5. The Clerk of the Court shall set a pro se case management deadline as follows: June 1, 2021—Plaintiff's amended complaint due.

DATED this 10th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge