IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF LINCOLN, MATTHEW FRANKEN, (Investigator, LPD); UNKNOWN BY NAME, Female-Caucasian, LPD Officer;  LANCASTER COUNTY, UNKNOWN BY NAMES, Correction Officers (LCJ); LINCOLN JOURNAL STAR NEWSPAPER, Owner & Editor Unknown by Name; and 1011 NEWS, Owner and News Reporter(s) Unknown by Name,<br><br>        Defendants. | 4:21CV3031<br><br><br>**MEMORANDUM<br>AND ORDER** |

Following the court's 26-page initial review (Filing 50) of Plaintiff's Amended Complaint (Filing 44), Plaintiff has filed a variety of motions, which will be addressed in order below.

### Motion for Initial Review re: Unemployment Claim (Filing 53)

Plaintiff complains that the court did not address his "claim" for "loss of wages (unemployment claim)" in its initial review of his Amended Complaint. Plaintiff's Amended Complaint requests wages lost while he was in custody from July 25, 2018, to September 9, 2018. (Filing 44 at CM/ECF p. 11.) Plaintiff states that he became unemployed in May of 2018, after which he filed for state unemployment benefits, which required him to perform weekly job searches in order to receive benefits. Plaintiff says that because he was illegally confined, he could not

perform those job searches, and he presumably lost his state unemployment benefits as a result. (Filing 44 at CM/ECF p. 13.)

In the court's extensive initial review of Plaintiff's Amended Complaint, the court failed to address this claim in great detail because Plaintiff's request for lost wages appeared to be in the nature of a request for a certain type of damages, not a separate claim. To the extent Plaintiff intended to state a separate "unemployment" claim, it is meritless because (1) there has been no showing that Nebraska waived Eleventh Amendment immunity for suits to recover unemployment benefits in federal court, and (2) the *Rooker-Feldman* doctrine provides that lower federal courts lack subject-matter jurisdiction over non-habeas challenges to state-court judgments and state proceedings, such as a state decision denying Plaintiff's claim for unemployment benefits. *Boylam v. NE Lab. Dep't*, No. 8:16CV421, 2016 WL 6993761, at *1-2 (D. Neb. Nov. 29, 2016).

Plaintiff's Motion for Initial Review (Filing 53) will be denied.

## Motion to Modify (Filing 54)

Plaintiff next complains that because the court has inaccurately characterized various factual allegations contained in Plaintiff's Amended Complaint in the course of completing its initial review thereof, the court's Memorandum and Order on initial review should be modified pursuant to Fed. R. Civ. P. 60(b).

> The plain language of Rule 60 states that it applies to "a final judgment, order, or proceeding." The district court "may" relieve a party from such an order when, for example, the party demonstrates "mistake, inadvertence, surprise, or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(1), (6).

*Elder-Keep v. Aksamit*, 460 F.3d 979, 985 (8th Cir. 2006). Here, because the court's Memorandum and Order on initial review of Plaintiff's Amended Complaint is not

2

a final judgment or order to which Fed. R. Civ. P. 60(b) applies, Plaintiff's Motion to Modify (Filing 54) pursuant to Fed. R. Civ. P. 60(b) will be denied.

### Motion for Reconsideration (Filing 56)

Plaintiff's next Motion is entitled, "Plaintiff Motion, pursuant to, NECivR. 7.1(a) with a Motion for Reconsideration, pursuant to, Fed. R. Civ. P. 60(b)(6), and a Controlling Question of Law 28 USCA § 1292(b); 28 USCA §§ 1915(e)(2) and 1915A." (Filing 56.) Again citing Fed. R. Civ. P. 60(b), Plaintiff complains that the court did not address his claims against 10/11 News and the Lincoln Journal Star's "mobile mugshots" website, as well as his "unemployment claim (lost wages)." (Filing 57.)

Plaintiff's Motion will be denied because: (1) for the reasons explained above, Fed. R. Civ. P. 60(b) does not apply to the court's Memorandum and Order on initial review; (2) the court specifically addressed Plaintiff's claims against 10/11 News and the Lincoln Journal Star's "mobile mugshots" website and allowed such claims to proceed (Filing 50 at CM/ECF p. 19); and (3) Plaintiff's argument regarding his unemployment claim has been discussed and rejected above with regard to Plaintiff's Motion for Initial Review (Filing 53).

### Motion for Appointment of Requested Counsel (Filing 61)

Plaintiff has also filed a motion for appointment of specific counsel. (Filing 61.) As Plaintiff has been reminded previously (Filing 50), "[t]here is no constitutional or statutory right to appointed counsel in civil cases," *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006), much less particular counsel selected by Plaintiff. A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to

3

investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Pignotti*, 859 Fed. App'x 3, 2021 WL 2285235, at *1 (8th Cir. June 4, 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Upon consideration of these factors, the court concludes that appointment of counsel is not indicated at this time because the claims presented are not legally or factually complex, and Plaintiff's multiple lawsuits in this court demonstrate his ability to investigate facts and present his claims and arguments.

IT IS ORDERED that the following Motions are denied: Plaintiff's Motion for Initial Review (Filing 53), Plaintiff's Motion to Modify (Filing 54), Plaintiff's Motion for Reconsideration (Filing 56), and Plaintiff's Motion for Appointment of Requested Counsel (Filing 61).

DATED this 5th day of January, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge