IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>             Plaintiff,<br><br>vs.<br><br>CITY OF LINCOLN, MATTHEW FRANKEN, (Investigator, LPD); UNKNOWN BY NAME, Female-Caucasian, LPD Officer; LANCASTER COUNTY, UNKNOWN BY NAMES, Correction Officers (LCJ); LINCOLN JOURNAL STAR NEWSPAPER, Owner & Editor Unknown by Name; and 1011 NEWS, Owner and News Reporter(s) Unknown by Name;<br><br>             Defendants. | 4:21CV3031<br><br>**MEMORANDUM<br>AND ORDER** |

      After initial review (Filing 50) of the pro se Plaintiff's Amended Complaint (Filing 44), the court ordered service on Lancaster County and the City of Lincoln so Plaintiff could serve written interrogatories upon them for the sole purpose of identifying the "unknown" Defendants against whom Plaintiff's claims have been allowed to proceed. The "unknown" Defendants were the following:

    • Unknown by Name, Female Caucasian, LPD Officer, who allegedly assisted Officer Franken in arresting and transporting Plaintiff to the Hall of Justice on July 25, 2018.

    • Unknown by Names, Correction Officers (LCJ), who dealt with Plaintiff in his assigned POD-R cell at the Lancaster County Jail and who allegedly placed him in a suicide restraint chair, injured his arm, and exposed him to unconstitutional conditions of confinement from July 25, 2018, to July 28, 2018.

(Filing 50 at CM/ECF p. 24.) The court ordered that after Plaintiff learned the identities of the currently unnamed Defendants, and within 60 days of the date of the Memorandum and Order, Plaintiff must file a supplement with the court containing only the names of such Defendants. After such Defendants were identified, service of process would be ordered on all Defendants, except for the City of Lincoln and Lancaster County, which would be dismissed from this action. (*Id*. at p. 25.)

Shortly thereafter, the Deputy Lancaster County Attorney and the Assistant City Attorney entered their appearances for Lancaster County, Nebraska (Filing 55), and the City of Lincoln, Nebraska (Filing 58). Plaintiff served interrogatories on these Defendants requesting identification of the unnamed Defendants on December 26, 2021, and the court granted Plaintiff until February 18, 2022, to file the supplement containing the names of the unknown Defendants. (Filing 64.) The City of Lincoln and Lancaster County sent their responses to Plaintiff on January 20, 2022 (Filings 66, 67).

Based on the County and City's answers to Plaintiff's interrogatories, Plaintiff advises the court that the "Female Caucasian, LPD Officer" who allegedly assisted Officer Franken in arresting and transporting Plaintiff to the Hall of Justice on July 25, 2018, was Melissa C. Ripley #1331. (Filing 68.) As to the Lancaster County Jail Correctional Officers who allegedly mistreated Plaintiff in his cell from July 25 to July 28, 2018, Plaintiff represents to the court that Lancaster County replied to Plaintiff's interrogatory as follows: "After diligent efforts, Lancaster[] County has been unable to identify any correctional officers responsive to this interrogatory." (Filing 69 at CM/ECF p. 1 (capitalization altered).)

"[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Est. of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "Dismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's

intervention." *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). *See also Poole v. City of Lincoln*, No. 4:21CV3030, 2021 WL 2935899, at *4 (D. Neb. July 13, 2021) (action could proceed against Doe defendants when complaint specified the time, place, and location of defendants' actions and "the defendants have a far superior ability to accumulate and study the available records and documents regarding the officers personally involved and perhaps individually responsible for Plaintiffs' damages").

Because the City of Lincoln responded to Plaintiff's interrogatories to identify Melissa C. Ripley as a Defendant, the City will be dismissed from this action without prejudice. However, because Lancaster County has not satisfactorily responded to Plaintiff's interrogatories, the court will order the County to show cause as to why it cannot provide the Plaintiff and the court with the names of the Lancaster County Jail correctional officers who dealt with Plaintiff in his assigned POD-R cell at the Lancaster County Jail and who allegedly placed him in a suicide restraint chair, injured his arm, and exposed him to unconstitutional conditions of confinement from July 25, 2018, to July 28, 2018. Such an order is appropriate because Plaintiff has made allegations specific enough to permit the identities of the officers on duty in Plaintiff's cell from July 25 to July 28, 2018, to be ascertained; Plaintiff has made diligent efforts to obtain such names on his own; and the County has "a far superior ability to accumulate and study the available records and documents regarding the officers" who were involved in Plaintiff's care during those dates. *Poole*, 2021 WL 2935899, at *4. It is the court's expectation that the County's "diligent efforts" in responding to Plaintiff's interrogatories included inspection of available video recordings, activity logs, attendance records, staff cell assignments, Plaintiff's medical complaints (if any), and perhaps staff interviews to determine who was present in the relevant area of the Lancaster County Jail from July 25 to July 28, 2018.[1] *See Cummings v. Wingert*, No. C18-4021, 2020 WL 1536650, at *8 (N.D.

---

[1] As the County is aware, staff members simply assigned to Plaintiff's POD-R cell on the relevant dates could be named as Defendants, and if those staff

3

Iowa Mar. 31, 2020) (federal district court has inherent authority to manage and review pro se litigation); *Valentine v. Brown*, Nos. 8:16CV131 & 8:16CV174, Filing 7 at CM/ECF p. 5 (D. Neb.) (when plaintiff was making reasonable efforts to identify Jane Doe defendants and to diligently prosecute her lawsuits, and allegations pertaining to such defendants were specific enough to allow Plaintiff to ascertain their names through discovery, court ordered City of Omaha to disclose identities of Jane Doe defendants to Plaintiff and the court).

IT IS ORDERED:

1. Plaintiff's Motion for Appointment of Counsel (Filing 70) is denied for the reasons stated in Filing 50, at CM/ECF p. 21.

2. Plaintiff's Motion for Extension of Time (Filing 71) to allow his appointed counsel time to identify the unnamed Defendants currently designated as "LANCASTER COUNTY, UNKNOWN BY NAMES, Correction Officers (LCJ)" is denied as moot because the court has not appointed counsel for Plaintiff and the court will issue a show-cause order in an effort to identify such Defendants.

3. The Clerk of Court shall substitute the Defendant characterized as "UNKNOWN BY NAME, Female-Caucasian, LPD Officer" in the caption of this case with "MELISSA C. RIPLEY #1331, LPD Officer."

4. Because the court ordered service on the City of Lincoln so Plaintiff could serve written interrogatories upon it for the sole purpose of identifying the party previously known as "UNKNOWN BY NAME, Female-Caucasian, LPD Officer," and because the City of Lincoln has provided such name, the City of Lincoln is dismissed from this action without prejudice.

---

members are ultimately found to have no personal involvement in the activities about which Plaintiff complains, they will eventually be dismissed from this matter.

5. On or before March 15, 2022, Lancaster County shall show cause as to why it cannot provide the Plaintiff and the court with the names of the Lancaster County Jail correctional officers who dealt with Plaintiff in his assigned POD-R cell at the Lancaster County Jail and who allegedly placed him in a suicide restraint chair, injured his arm, and exposed him to unconstitutional conditions of confinement from July 25, 2018, to July 28, 2018. The Clerk of Court shall set a pro se case-management deadline as follows: March 15, 2022—County's response to show-cause order due.

DATED this 23rd day of February, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge