IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB, | |
| Plaintiff, | 4:21CV3031 |
| vs. | |
| MATTHEW FRANKEN, (Investigator, LPD); BRETT WHEELER, Lancaster County Jail Correctional Officer; KAI AKESON, Lancaster County Jail Correctional Officer; SCOTT LENGEL, Lancaster County Jail Correctional Officer; WESTON VOCK, Lancaster County Jail Correctional Officer; BEN MURPHY, Lancaster County Jail Correctional Officer; CARLY LOBEDA, Lancaster County Jail Correctional Officer; JON OTT, Lancaster County Jail Correctional Officer; MATTHEW DAAKE, Lancaster County Jail Correctional Officer; BRADLEY JOHNSON, Lancaster County Jail Correctional Officer; JOSEPH ANDERSON, Lancaster County Jail Correctional Officer; RICK GRAY, Lancaster County Jail Correctional Officer; STEPHEN JOHNSON, Lancaster County Jail Correctional Officer; ADAM BASSINGER, Lancaster County Jail Correctional Officer; ANDREW HOLSING, Lancaster County Jail Correctional Officer; JESSICA HOUSEMAN, Lancaster County Jail Correctional Officer; COURTNEY MCCOY, Lancaster County Jail Correctional Officer; JARED DONNELLY, Lancaster County Jail | **MEMORANDUM AND ORDER** |

| |
|---|
| Correctional Officer; 10/11 NEWS (KOLN/KGIN); LINCOLN JOURNAL STAR NEWSPAPER; and MELISSA C. RIPLEY, #1331, LPD Officer,<br><br>                    Defendants. |

This matter is before the court for case management. On March 22, 2022, the court ordered Defendants to "identify by name all Lancaster County Jail Correctional Officers who interacted with Plaintiff Johann Webb in his Lancaster County Jail cell, which was 'adjacent right next to the photo/fingerprint station which is located in booking' from July 25, 2018, to July 28, 2018." (Filing 78 at CM/ECF p. 5.) Defendants have responded to the court's order with a list of 17 Lancaster County Jail Correctional Officers. (Filing 80.) As stated in the court's prior Memorandum and Order (Filing 78), service of process will now be ordered, and the following claims will go forward:

The following federal claims may proceed:

   • Plaintiff's Fourth Amendment claims for false arrest and unlawful search against Defendant Lincoln Police Officers Franken and Ripley in their individual capacities.

   • Plaintiff's Fourteenth Amendment claim challenging the conditions of Plaintiff's confinement in the Lancaster County Jail against all Defendant Lancaster County Jail Correctional Officers in their individual capacities.

   • Plaintiff's Fourteenth Amendment excessive-force claim against all Defendant Lancaster County Jail Correctional Officers in their individual capacities who twisted and injured Plaintiff's arm in the Lancaster County Jail.

The following state-law claims may proceed:

   • Plaintiff's state-law claim for false arrest against Lincoln Police Officers Franken and Ripley in their individual and official capacities.

2

• Plaintiff's claims for intentional infliction of emotional distress and false imprisonment at the Lancaster County Jail against all Defendant Lancaster County Jail Correctional Officers in their individual and official capacities.

• Plaintiff's claim for excessive force against all Defendant Lancaster County Jail Correctional Officers in their individual and official capacities who twisted and injured Plaintiff's arm at the Lancaster County Jail.

• Plaintiff's claims for defamation and slander against 10/11 News and the Lincoln Journal Star.

As to Plaintiff's "Request This Court to Take Judicial Notice" (Filing 79)—which is actually a motion to serve interrogatories on various non-parties—no discovery in pro se civil cases assigned to a district judge may take place until a progression order is entered unless the court orders otherwise. General Order No. 2020-01 (Filing 8). No progression order has been entered in this case. Therefore, Plaintiff's request will be denied.

IT IS ORDERED:

1. Because the court previously ordered service on Lancaster County so Plaintiff could serve written interrogatories upon it for the sole purpose of identifying the parties previously known as "LANCASTER COUNTY, UNKNOWN BY NAMES, Correction Officers (LCJ)," and because Lancaster County has provided such names, Defendant Lancaster County is dismissed from this action without prejudice.

2. The Clerk of the Court shall substitute the Defendants characterized as "LANCASTER COUNTY, UNKNOWN BY NAMES, Correction Officers (LCJ)" in the caption of this case with "BRETT WHEELER, Lancaster County Jail Correctional Officer; KAI AKESON, Lancaster County Jail Correctional Officer; SCOTT LENGEL, Lancaster County Jail Correctional Officer; WESTON VOCK, Lancaster County Jail Correctional Officer; BEN MURPHY, Lancaster County Jail

Correctional Officer; CARLY LOBEDA, Lancaster County Jail Correctional Officer; JON OTT, Lancaster County Jail Correctional Officer; MATTHEW DAAKE, Lancaster County Jail Correctional Officer; BRADLEY JOHNSON, Lancaster County Jail Correctional Officer; JOSEPH ANDERSON, Lancaster County Jail Correctional Officer; RICK GRAY, Lancaster County Jail Correctional Officer; STEPHEN JOHNSON, Lancaster County Jail Correctional Officer; ADAM BASSINGER, Lancaster County Jail Correctional Officer; ANDREW HOLSING, Lancaster County Jail Correctional Officer; JESSICA HOUSEMAN, Lancaster County Jail Correctional Officer; COURTNEY MCCOY, Lancaster County Jail Correctional Officer; JARED DONNELLY, Lancaster County Jail Correctional Officer." The Clerk of the Court shall also change Defendant "1011 News" in the caption of this case to "10/11 NEWS (KOLN/KGIN)."

3. The Clerk of the Court is directed to complete a summons form and a USM-285 form for the following Defendants using the following addresses:

a. Defendants Brett Wheeler, Lancaster County Jail Correctional Officer; Kai Akeson, Lancaster County Jail Correctional Officer; Scott Lengel, Lancaster County Jail Correctional Officer; Weston Vock, Lancaster County Jail Correctional Officer; Ben Murphy, Lancaster County Jail Correctional Officer; Carly Lobeda, Lancaster County Jail Correctional Officer; Jon Ott, Lancaster County Jail Correctional Officer; Matthew Daake, Lancaster County Jail Correctional Officer; Bradley Johnson, Lancaster County Jail Correctional Officer; Joseph Anderson, Lancaster County Jail Correctional Officer; Rick Gray, Lancaster County Jail Correctional Officer; Stephen Johnson, Lancaster County Jail Correctional Officer; Adam Bassinger, Lancaster County Jail Correctional Officer; Andrew Holsing, Lancaster County Jail Correctional Officer; Jessica Houseman, Lancaster County Jail Correctional Officer; Courtney McCoy, Lancaster County Jail Correctional Officer; Jared Donnelly, Lancaster County Jail Correctional Officer, **all in their INDIVIDUAL capacities at Lancaster County Department of Corrections, 3801 West O Street, Lincoln NE 68528, AND in their OFFICIAL capacities at Clerk of Lancaster County, 555 S. 10th Street, Room 108, Lincoln, NE 68508.** In other words, each of these Defendants will receive TWO

summons forms and USM-285 forms—one in their individual capacity and one in their official capacity.

     b.     Defendant Matthew Franken, Investigator for the Lincoln Police Department, **in his INDIVIDUAL capacity at the Lincoln Police Department, 575 South 10th Street, Lincoln, NE 68508, AND in his OFFICIAL capacity at the City Clerk for Lincoln, Nebraska, 555 S. 10th St., Ste. 103, Lincoln, NE 68508.** In other words, this Defendant will receive TWO summons forms and USM-285 forms—one in his individual capacity and one in his official capacity.

     c.     Defendant 10/11 News (KOLN/KGIN) at **Gray Television Inc., 4370 Peachtree Road, NE #400, Atlanta, GA 30319**.

     d.     Defendant Lincoln Journal Star at **Lee Enterprises Inc., 4600 E. 53rd St., Davenport, IA 52807**.

4.     The Clerk of the Court shall forward the completed forms to the Marshals Service,[1] together with ***38*** copies of Plaintiff's Amended Complaint (Filing 44), the court's initial review of Plaintiff's Amended Complaint (Filing 50), and this Memorandum and Order for service upon Defendants, as follows.

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory)); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. App'x 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

a. The Marshals Service shall serve the Lancaster County Jail Defendants listed in paragraph (3)(a) above **in their INDIVIDUAL CAPACITIES at Lancaster County Department of Corrections, 3801 West O Street, Lincoln NE 68528.** If any of these Defendants cannot be located there, individual service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01. The same Defendants shall also be served **in their OFFICIAL CAPACITIES at Clerk of Lancaster County, 555 S. 10th Street, Room 108, Lincoln, NE 68508.** *See* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-510.02(2).

b. The Marshals Service shall serve Defendant Matthew Franken, Investigator for the Lincoln Police Department, **in his INDIVIDUAL capacity at the Lincoln Police Department, 575 South 10th Street, Lincoln, NE 68508.** Individual service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01. The same Defendant shall also be served **in his OFFICIAL CAPACITY at the City Clerk for Lincoln, Nebraska, 555 S. 10th St., Ste. 103, Lincoln, NE 68508.** *See* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-510.02(2).

c. The Marshals Service shall serve Defendant 10/11 News (KOLN/KGIN) by certified mail at **Gray Television Inc., 4370 Peachtree Road, NE #400, Atlanta, GA 30319**. Service may also be accomplished by using any of the following methods: personal, residence, or designated delivery service upon any officer, director, managing agent, or registered agent, or by leaving the process at the corporation's registered office with a person employed therein, or by designated delivery service to the corporation's registered office. *See* Neb. Rev. Stat. § 25-509.01.

d. The Marshals Service shall serve Defendant Lincoln Journal Star by certified mail at **Lee Enterprises Inc., 4600 E. 53rd St., Davenport, IA 52807**. Service may also be accomplished by using any of the following methods: personal, residence, or designated delivery service upon any officer, director, managing agent, or registered agent,

or by leaving the process at the corporation's registered office with a person employed therein, or by designated delivery service to the corporation's registered office. *See* Neb. Rev. Stat. § 25-509.01.

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

7. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "July 10, 2022: Check for completion of service of summons."

8. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

9. Service of process will not be ordered on Defendant Melissa Ripley because she has waived service of summons. (Filing 74.)

10. Plaintiff's "Request This Court to Take Judicial Notice" (Filing 79)—which is actually a motion to serve interrogatories on various non-parties—is denied.

DATED this 11th day of April, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge