IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB, <br><br> Plaintiff, <br><br> vs. <br><br> MATTHEW FRANKEN, (Investigator, LPD); LINCOLN JOURNAL STAR NEWSPAPER, Owner & Editor Unknown by Name; 10/11 NEWS (KOLN/KGIN), MELISSA C. RIPLEY, #1331, LPD Officer; BRETT WHEELER, Lancaster County Jail Correctional Officer; KAI AKESON, Lancaster County Jail Correctional Officer; SCOTT LENGEL, Lancaster County Jail Correctional Officer; WESTON VOCK, Lancaster County Jail Correctional Officer; BEN MURPHY, Lancaster County Jail Correctional Officer; CARLY LOBEDA, Lancaster County Jail Correctional Officer; JON OTT, Lancaster County Jail Correctional Officer; MATTHEW DAAKE, Lancaster County Jail Correctional Officer; BRADLEY JOHNSON, Lancaster County Jail Correctional Officer; JOSEPH ANDERSON, Lancaster County Jail Correctional Officer; RICK GRAY, Lancaster County Jail Correctional Officer; STEPHEN JOHNSON, Lancaster County Jail Correctional Officer; ADAM BASSINGER, Lancaster County Jail Correctional Officer; ANDREW HOLSING, Lancaster County Jail Correctional Officer; JESSICA HOUSEMAN, Lancaster County Jail | 4:21CV3031 <br><br><br> **MEMORANDUM AND ORDER** |

Correctional Officer; COURTNEY MCCOY, Lancaster County Jail Correctional Officer; and JARED DONNELLY, Lancaster County Jail Correctional Officer;

                Defendants.

This matter is before the court on Plaintiff's Notice of Appeal (filing 99) and a memorandum from the Clerk of the Court requesting a ruling as to Plaintiff's authorization to proceed in forma pauperis on appeal (filing 100). For the reasons set forth below, the court finds that pursuant to 28 U.S.C. § 1915(a)(3), Plaintiff may not take this appeal in forma pauperis.

A litigant seeking to appeal a judgment must either pay the required filing fees, *see* Fed. R. App. P. 3(e), or proceed in forma pauperis pursuant to § 1915(a). Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958).

An appeal is frivolous when none of the legal points are arguable on their merit. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006). And while such a finding should be made only in extreme cases, it is proper when a party attempts to appeal from an order that is clearly not appealable. *See Cohen v. Curtis Publ'g Co.*, 333 F.2d 974, 978 79 (8th Cir. 1964).

The order from which Plaintiff is attempting to appeal—the court's order (filing 93) granting Defendant Ripley's Motion for Extension of Time to Answer dated April 27, 2022—is clearly not appealable. The order does not qualify as a "final decision[]" capable of appeal under 28 U.S.C. § 1291. In addition, the order

does not fall within the narrow class of appealable interlocutory orders under § 1292(a).

Because Plaintiff is attempting to appeal from an order that is not appealable, the court certifies that the appeal is not taken in good faith.

IT IS THEREFORE ORDERED that Plaintiff may not proceed on appeal in forma pauperis.

Dated this 9th day of May, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge