IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOHAN WEBB,<br><br>    Plaintiff,<br><br> vs.<br><br>MATTHEW FRANKEN, (Investigator, LPD), *et al.*,<br><br>    Defendants. | 4:21CV3031<br><br>**MEMORANDUM AND ORDER** |

  Plaintiff has filed a Motion for Extension of Time (Filing 147) to respond to unspecified motions of the Defendants and a Motion for Appointment of Requested Counsel (Filing 148).

### **Motion for Extension of Time (Filing 147)**

  Plaintiff first complains that he is "overwhelmed" with his receipt of motions, briefs, and documents from opposing counsel in Plaintiff's other cases in this court (Case Nos. 4:21CV3058 & 4:21CV3042), so he needs an extension of time to respond to Motions to Dismiss filed in this case. (Filings 89, 94, 96, 141.)

  Federal Rule of Civil Procedure 6(b) provides in relevant part: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

  Plaintiff's response time for most of the pending Motions to Dismiss (Filings 89, 94, 96) has passed, and he appears to have responded to those Motions with Motions for Leave to File an Amended Complaint (Filings 132-135). Therefore, the court construes Plaintiff's Motion for Extension of Time to apply to the most recent

of Defendants' Motions to Dismiss (Filing 141), to which Plaintiff is to respond by July 8, 2022. While the court is not particularly sympathetic to Plaintiff's workload—considering that he chose to file numerous federal cases within a short timeframe[1]—the court will grant a short extension of time within which to respond to Defendants' Motion to Dismiss (Filing 141) in order "to secure the just . . . determination of every action and proceeding." Fed. R. Civ. P. 1.

In response to Plaintiff's complaint that a progression order has not yet been issued in this case, progression orders are not normally entered in pro se cases until approximately 30 days after the last defendant has answered. Further, the court is unlikely to enter a progression order before motions to dismiss "have been ruled upon and the case is fully at issue on the pleadings." *Lefever v. Castellanos*, No. 4:20CV3066, 2021 WL 3403937, at *3 (D. Neb. Aug. 4, 2021); NECivR 16.1(c)(1).

## Motion for Appointment of Requested Counsel (Filing 148)

Plaintiff has filed yet another motion for appointment of specific counsel. (Filing 148.) As Plaintiff has been reminded previously (Filing 50), "[t]here is no constitutional or statutory right to appointed counsel in civil cases," *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006), much less particular counsel selected by Plaintiff. A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Pignotti*, 859 Fed. App'x 3, 2021 WL 2285235, at *1 (8th Cir. June 4, 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Upon consideration of these factors, the court concludes that appointment of counsel

---

[1] See Case Nos. 4:21CV3031, 4:21CV3042, 4:21CV3058 (all filed in February and March 2021).

is not indicated at this time because the claims presented are not legally or factually complex, and Plaintiff's multiple lawsuits in this court demonstrate his ability to investigate facts and clearly present his claims and arguments (including numerous citations to federal rules, state and federal case law, statutes, and legal treatises).

Accordingly,

IT IS ORDERED:

1.  Plaintiff's Motion for Extension of Time (Filing 147) is granted, and Plaintiff shall respond to Defendants' Motion to Dismiss (Filing 141) on or before July 28, 2022. Defendants may reply to Plaintiff's response on or before August 4, 2022. The Clerk of Court shall adjust the response and reply dates for Filing 141 accordingly.

2.  Plaintiff's Motion for Appointment of Counsel (Filing 148) is denied.

DATED this 6th day of July, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge