IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

YOHAN WEBB,

          Plaintiff,

vs.

MATTHEW FRANKEN, (Investigator, LPD); LINCOLN JOURNAL STAR NEWSPAPER, Owner & Editor Unknown by Name; 10/11 NEWS (KOLN/KGIN); MELISSA C. RIPLEY, #1331, LPD Officer; BRETT WHEELER, Lancaster County Jail Correctional Officer; KAI AKESON, Lancaster County Jail Correctional Officer; SCOTT LENGEL, Lancaster County Jail Correctional Officer; WESTON VOCK, Lancaster County Jail Correctional Officer; BEN MURPHY, Lancaster County Jail Correctional Officer; CARLY LOBEDA, Lancaster County Jail Correctional Officer; JON OTT, Lancaster County Jail Correctional Officer; MATTHEW DAAKE, Lancaster County Jail Correctional Officer; BRADLEY JOHNSON, Lancaster County Jail Correctional Officer; JOSEPH ANDERSON, Lancaster County Jail Correctional Officer; RICK GRAY, Lancaster County Jail Correctional Officer; ADAM BASSINGER, Lancaster County Jail Correctional Officer; ANDREW HOLSING, Lancaster County Jail Correctional Officer; and JARED

4:21CV3031

**MEMORANDUM AND ORDER**

DONNELLY, Lancaster County Jail
Correctional Officer;

     Defendants.

  Pending before the court are multiple Motions to Dismiss and Motions to Amend the Amended Complaint in this pro se case.

## I. FACTUAL ALLEGATIONS IN AMENDED COMPLAINT

  Plaintiff brings federal constitutional and state-law claims arising from his alleged unlawful confinement from July 25, 2018, to September 9, 2018. He requests multiple millions of dollars in damages from the Defendants, who are sued in their individual and official capacities.

  Plaintiff alleges that Defendant Franken, an investigator with the Lincoln Police Department ("LPD"), handcuffed him without the benefit of being read his *Miranda* rights on July 25, 2018. Franken supposedly told Plaintiff he was not under arrest, but he placed handcuffs on Plaintiff for refusing to talk to him. Franken searched Plaintiff's pockets and removed a bag containing $200.00 and a lighter. A second LPD officer, Melissa C. Ripley, then searched Plaintiff and placed him in her patrol car. Plaintiff was first taken to the Hall of Justice, where he was searched again by two more unnamed LPD officers, and he was then transported in another vehicle to the Lancaster County Jail.

  At the jail, several correctional officers again searched Plaintiff and agreed they had "enough to hold him." He was charged with possession of methamphetamine that was allegedly discovered during the "7th search" of Plaintiff's clothing, implying that the drugs were planted there by one of the correctional officers. Plaintiff was then placed in a "suicide restraint chair" in a "POD-R" cell that had a hole in the floor for toilet usage and smelled of feces and

2

urine. Plaintiff claims he was fully restrained in this cell for two or three days, during which he was not fed or given water.

While he was restrained, Plaintiff's request to use a restroom (as opposed to the hole in the floor) was denied, causing Plaintiff to urinate on himself. When a correctional officer removed Plaintiff from the "suicide chair," the officer removed Plaintiff's clothing, and another officer twisted his left wrist and arm upward, causing a "popping sound" and intense pain in Plaintiff's left shoulder. Plaintiff's request for medical attention was denied, and he still suffers pain from the incident. Plaintiff was then given a "Ninja suit" to wear.

After two to three days in POD-R, Plaintiff alleges that Defendant O'Bryan, a correctional officer, moved him from POD-R to Medical (where Plaintiff was placed on suicide watch) and then to POD-S, where Plaintiff stayed until September 9, 2018. Plaintiff claims O'Bryan did not comply with "policy, procedures, or medical protocols" in moving him from cell to cell, and Defendants Brad Johnson, Rick Grey, Ken Prey, and an unnamed classification training officer knew of O'Bryan's actions, but failed to take corrective actions as his superiors.

After Plaintiff's release on September 9, 2018, Plaintiff attempted to stay at the People's City Mission, but the Mission allegedly rejected him because 10/11 News (a local television newscast), the Lincoln Journal Star (a local newspaper), and the Journal Star's website featuring mug shots falsely reported that Plaintiff was wanted for first-degree sexual assault. Plaintiff claims 10/11 and the Journal Star defamed and slandered him, put him in danger by causing him to live on the streets, and prevented him from being employed.

## II. CLAIMS ALLOWED TO PROCEED

3

After multiple initial reviews of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A[1] and preliminary discovery aimed at obtaining the identity of the Defendants, the court previously identified the following claims that may go forward (Filings 27, 50, 81):

Federal Claims:

• Plaintiff's Fourth Amendment claims for false arrest and unlawful search against Defendant Lincoln Police Officers Matthew Franken and Melissa C. Ripley in their individual capacities.

• Plaintiff's Fourteenth Amendment claim challenging the conditions of Plaintiff's confinement in the Lancaster County Jail against Defendant Lancaster County Jail Correctional Officers Brett Wheeler, Kai Akeson, Scott Lengel, Weston Vock, Ben Murphy, Carly Lobeda, Jon Ott, Matthew Daake, Bradley Johnson, Joseph Anderson, Rick Gray, Stephen Johnson, Adam Bassinger, Andrew Holsing, Jessica Houseman, Courtney McCoy, and Jared Donnelly in their individual capacities.

• Plaintiff's Fourteenth Amendment excessive-force claim for twisting and injuring Plaintiff's arm in the Lancaster County Jail against Defendant Lancaster County Jail Correctional Officers Brett Wheeler, Kai Akeson, Scott Lengel, Weston Vock, Ben Murphy, Carly Lobeda, Jon Ott, Matthew Daake, Bradley Johnson, Joseph Anderson, Rick Gray, Stephen Johnson, Adam Bassinger, Andrew Holsing, Jessica Houseman, Courtney McCoy, and Jared Donnelly in their individual capacities.

State-Law Claims:

• Plaintiff's claim for false arrest against Lincoln Police Officers Matthew Franken and Melissa C. Ripley in their individual and official capacities.

• Plaintiff's claims for intentional infliction of emotional distress and false imprisonment at the Lancaster County Jail against Defendant Lancaster County Jail Correctional Officers Brett Wheeler, Kai Akeson, Scott Lengel, Weston Vock, Ben Murphy, Carly Lobeda, Jon Ott, Matthew Daake, Bradley Johnson, Joseph Anderson, Rick Gray, Stephen Johnson, Adam Bassinger, Andrew Holsing, Jessica

---

[1] Plaintiff was a prisoner when he filed this lawsuit, but he has since been released. (Filings 159, 163, 165.)

Houseman, Courtney McCoy, and Jared Donnelly in their individual and official capacities.

• Plaintiff's claim for excessive force for twisting and injuring Plaintiff's arm in the Lancaster County Jail against Defendant Lancaster County Jail Correctional Officers Brett Wheeler, Kai Akeson, Scott Lengel, Weston Vock, Ben Murphy, Carly Lobeda, Jon Ott, Matthew Daake, Bradley Johnson, Joseph Anderson, Rick Gray, Stephen Johnson, Adam Bassinger, Andrew Holsing, Jessica Houseman, Courtney McCoy, and Jared Donnelly in their individual and official capacities.

• Plaintiff's claims for defamation and slander against 10/11 News (KOLN/KGIN) and the Lincoln Journal Star Newspaper.

## III. PENDING MOTIONS

### A. Motion to Dismiss by Defendant 10/11 News (Filing 89)

Gray Media Group, Inc., which owns and operates 1011 News KOLN/KGIN, moves to dismiss Plaintiff's defamation and slander claim against it pursuant to Fed. R. Civ. P. 12(b)(6) because such claim is barred by the statute of limitations. Plaintiff alleges that Gray Media defamed him in September 2018, but Plaintiff did not file his defamation claim against Gray Media until two and one-half years later, on May 12, 2021. (Filing 44, Amended Complaint.) The applicable statute of limitations, Neb. Rev. Stat. § 25-208 (Westlaw 2022), provides that actions for libel or slander[2] must be brought within one year. Plaintiff failed to do so. Therefore, Plaintiff's claim for defamation or slander against Gray Media Group, Inc., doing business as 1011 News KOLN/KGIN, will be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted as barred by the applicable statute of limitations. *Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 897 (8th Cir. 2015) ("A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as

---

[2] "[T]he law of defamation embodies actions for both libel and slander." *Hoschler v. YWCA*, No. A-93-653, 1995 WL 170324, at *3 (Neb. Ct. App. Apr. 11, 1995).

5

barred by a statute of limitations if the complaint itself shows that the claim is time-barred.").

### B. Motion to Dismiss by Defendant Lincoln Journal Star (Filing 94)

For the same reasons discussed above with regard to Gray Media Group, Plaintiff's claims against Defendant Lincoln Journal Star (whether classified as defamation, libel, or slander[3]) will be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) as barred by the applicable statute of limitations, Neb. Rev. Stat. § 25-208.

### C. Motion to Dismiss by Defendant Lancaster County (Filing 96)

The Defendant Lancaster County Correctional Officers in their official capacities move to dismiss Plaintiff's state-law claims against them pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). As an initial matter, the Defendants participating in this Motion to Dismiss (Filing 96) include Defendants McCoy, Stephen Johnson, Houseman, and Lobeda. However, the Motion to Dismiss will be denied as moot as to these four Defendants because Defendants McCoy, Stephen Johnson, and Houseman were dismissed from this action without prejudice pursuant to Plaintiff's Notice of Dismissal on May 10, 2022 (Filing 105), and Defendant Lobeda will be dismissed pursuant to Plaintiff's Motion to Dismiss (Filing 139), discussed below.

The Lancaster County Correction Officers against whom Plaintiff asserts claims are Brett Wheeler, Kai Akeson, Scott Lengel, Weston Vock, Ben Murphy, Jon Ott, Matthew Daake, Bradley Johnson, Joseph Anderson, Rick Gray, Adam Bassinger, Andrew Holsing, and Jared Donnelly. As against these Defendants in

---

[3] Plaintiff's allegation that the Lincoln Journal Star newspaper and its "mugshots" section of its website slandered him by falsely reporting that Plaintiff was wanted for first-degree sexual assault also fails for the more basic reason that slander concerns the spoken word. *Lathrop v. McBride*, 307 N.W.2d 804, 806 (Neb. 1981) ("In the case of slander, the publication takes place when the words are spoken . . . .").

6

their individual capacities, Plaintiff asserts the following federal claims: (1) a Fourteenth Amendment claim challenging the conditions of Plaintiff's confinement in the Lancaster County Jail; and (2) a Fourteenth Amendment excessive-force claim for twisting and injuring Plaintiff's arm in the Lancaster County Jail. As against these Defendants in their individual *and* official capacities, Plaintiff asserts state-law claims for (1) intentional infliction of emotional distress and false imprisonment at the Lancaster County Jail; and (2) excessive force for twisting and injuring Plaintiff's arm in the Lancaster County Jail.

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Defendants Wheeler, Akeson, Lengel, Vock, Murphy, Ott, Daake, Bradley Johnson, Anderson, Gray, Bassinger, Holsing, and Donnelly, in their official capacities, move to dismiss Plaintiff's state-law claims against them because (1) they were not properly brought pursuant to the Nebraska Political Subdivision Tort Claims Act ("PSTCA"), (2) they are barred by the statute of limitations and, (3) even if the claims were properly brought under the PSTCA, Plaintiff cannot recover against Lancaster County for intentional torts that are exempt from the state's waiver of sovereign immunity. (Filing 97 at CM/ECF p. 2.) The court agrees with all three arguments.

### 1. Suit Not Properly Brought Under PSTCA

First, Plaintiff's state-law claims for intentional infliction of emotional distress, false imprisonment, and excessive force against the Lancaster County Defendants in their official capacities are actually claims asserted against Lancaster County itself. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Sanitary & Improvement Dist. No. 1 v. Adamy*, 858 N.W.2d 168 (Neb. 2015) ("To the extent [the plaintiff] seeks money damages from the county treasurers acting in their official capacities, those suits are also viewed as against the county.").

Nebraska law provides that tort suits brought against political subdivisions such as Lancaster County must be brought pursuant to the Nebraska PSTCA. Neb.

Rev. Stat. §§ 13-901 to -928 (Westlaw 2022). The Act requires that "[a]ll tort claims under the [PSTCA] . . . shall be filed with the clerk, secretary, or other official whose duty it is to maintain the official records of the political subdivision, or the governing body of a political subdivision may provide that such claims may be filed with the duly constituted law department of such subdivision. . . . All such claims shall be in writing and shall set forth the time and place of the occurrence giving rise to the claim and such other facts pertinent to the claim as are known to the claimant." Neb. Rev. Stat. § 13-905.

Plaintiff does not allege in his Complaints that he complied with this notice requirement. Further, in his response to the Lancaster County Defendants' Motion to Dismiss, Plaintiff admits that he "never filed a 'state tort claim' on the named correctional officers as of date or a (PSTCA)."[4] (Filing 136 at CM/ECF p. 2.)

Because compliance with the PSTCA notice requirement is a condition precedent to commencement of a tort action against a political subdivision, *Polinski v. Omaha Pub. Power Dist.*, 554 N.W.2d 636, 639 (Neb. 1996), and because Plaintiff did not comply with the requirement, the motion to dismiss the state-law tort claims filed by the County Defendants in their official capacities must be granted. *Bros. v. Kimball Cnty. Hosp.*, 857 N.W.2d 789, 795 (Neb. 2015) (affirming dismissal of political subdivision due to Plaintiff's failure to give notice of tort claim to statutorily designated individual under Nebraska PSTCA); *Est. of McElwee v. Omaha Transit Auth.*, 664 N.W.2d 461 (Neb. 2003) (because estate failed to satisfy notice requirement of the PSTCA, which is condition precedent to commencement of suit under the Act, estate's personal-injury claim warranted dismissal).

---

[4] Plaintiff's Response (Filing 136) to the Lancaster County Defendants' Motion to Dismiss is largely irrelevant because it addresses Plaintiff's 42 U.S.C. § 1983 claims. The Defendants' Motion to Dismiss is limited to Plaintiff's state-law tort claims against such Defendants in their official capacities.

8

### 2. Statute of Limitations

The Lancaster County Defendants' Motion to Dismiss Plaintiff's state-law tort claims against them in their official capacities must also be granted as barred by the relevant statute of limitations. Plaintiff's Complaints allege that the tortious conduct of the Lancaster County Defendants occurred in July 2018, but Plaintiff did not file his first Complaint until February 2021.

The PSTCA contains a statute of limitations as follows:

> Every claim against a political subdivision permitted under the Political Subdivisions Tort Claims Act shall be forever barred unless within one year after such claim accrued the claim is made in writing to the governing body. *Except as otherwise provided in this section, all suits permitted by the act shall be forever barred unless begun within two years after such claim accrued*. The time to begin a suit shall be extended for a period of six months from the date of mailing of notice to the claimant by the governing body as to the final disposition of the claim or from the date of withdrawal of the claim from the governing body under section 13-906 if the time to begin suit would otherwise expire before the end of such period.

Neb. Rev. Stat. § 13-919(1) (emphasis added). Under this provision (and assuming for purposes of discussion that Plaintiff had properly made a claim in writing to the governing body within one year of the accrual of his claim), Plaintiff had two years from July 2018 to bring his state-law claims against the Lancaster County Defendants in their official capacities, or by August 2020. He failed to do so. Therefore, Plaintiff's tort claims against the Lancaster County Defendants in their official capacities are barred by the statute of limitations.

### 3. Intentional Torts Exemption

Finally, Plaintiff's tort claims against the Lancaster County Defendants must be dismissed because Lancaster County has immunity from suit under the "intentional tort exemption" of the PSTCA; that is, the County has not consented to

9

be sued for the intentional torts asserted here—intentional infliction of emotional distress, false imprisonment, and excessive force for twisting and injuring Plaintiff's arm. *Edwards v. Douglas Cnty.*, 953 N.W.2d 744, 750 (Neb. 2021) (explaining PSTCA and intentional tort exemption).

The PSTCA does not apply to "[a]ny claim arising out of assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . . ," Neb. Rev. Stat. § 13-910(7), as well as to any claims that are "inextricably linked to" a tort that is expressly listed in section 13-910(7). *Edwards*, 953 N.W.2d at 757 (negligence claim was included in section 13-910(7) because it "stem[med] from, and [wa]s inextricably linked to, an assault or battery" on the facts of the case).

Here, false imprisonment is expressly listed in section 13-910(7), and excessive force related to twisting and injuring Plaintiff's arm is either an assault or battery, which are explicitly listed as well. That leaves Plaintiff's claim for intentional infliction of emotional distress, which would not have existed but for the allegations of excessive force and false imprisonment—that is, the alleged poor conditions of confinement led to Plaintiff's claimed emotional distress. In such circumstances, the emotional distress claim is "inextricably linked to" claims expressly included in section 13-910(7), and all of Plaintiff's state-law tort claims against the Lancaster County Defendants in their official capacities should be dismissed. *Edwards*, 953 N.W.2d at 750 ("When an exemption under the PSTCA applies, the political subdivision is immune from the claim and the proper remedy is to dismiss it for lack of subject matter jurisdiction.")[5]

**D. Motion to Dismiss by Defendants Franken & Ripley in Official Capacities (Filing 141)**

Lincoln Police Department Investigator Matthew Franken and Officer Melissa Ripley, in their official capacities only, move to dismiss Plaintiff's state-law false-arrest claim against them pursuant to Fed. R. Civ. P. 12(b)(1) & (6). (Filing 141.) For the same reasons explained above with regard to Plaintiff's failure to comply with the PSTCA by filing a claim with the appropriate political subdivision within one year of accrual of the claim, Plaintiff's state-law false-arrest claim against Defendants Franken and Ripley in their official capacities must also be dismissed. As to Defendants Franken and Ripley, Plaintiff admits that "this Plaintiff did not file a (PSTCA tort claim) in this matter" and "the court lacks subject matter jurisdiction for a (PSTCA tort claim) that this Plaintiff has never filed nor incorporated into his amended complaint." (Filing 153, Plaintiff's Brief in Response to the Defendants' Motion to Dismiss, at CM/ECF p. 4.) Accordingly, the Motion to Dismiss (Filing 141) filed by Defendants Franken and Ripley in their official capacities will be granted.

### E. Motions by Plaintiff

#### 1. Motions to Amend Amended Complaint (Filings 132, 133, 134, 135, 150, 151)

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[A]bsent a good reason for denial—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend should be granted." *Kozohorsky v. Harmon,* 332 F.3d 1141, 1144 (8th Cir. 2003) (internal quotation marks and citation omitted). But there is no absolute right to amend a pleading. *Hammer v. City of Osage Beach, MO*, 318 F.3d 832, 844 (8th Cir. 2003). The court will deny a motion for leave to amend as futile if the plaintiff's proposed complaint fails to state a claim under the pleading standard described in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), rendering the complaint subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Zutz v. Nelson,* 601 F.3d 842, 850-51 (8th Cir. 2010).

Plaintiff first attempts to amend his Amended Complaint by adding a claim for invasion of privacy/false light under Neb. Rev. Stat. § 20-204 against Defendants Gray Media Group, Inc., doing business as 1011 News KOLN/KGIN, and the Lincoln Journal Star. (Filings 133, 135, 150, 151.) The court will deny Plaintiff's Motions to add this claim because relief cannot be granted on such a claim for the following reasons.

First, for the reasons stated above with regard to Plaintiff's defamation/libel/slander claim, the statute of limitations for a false-light claim is one year from the date the cause of action arose, Neb. Rev. Stat. § 20-211, making Plaintiff's false-light claim time-barred.

Second, because Plaintiff alleges that a defamatory statement was made, Plaintiff's false-light claim would be subsumed by his defamation/libel/slander claim and, therefore, would not be actionable. *Funk v. Lincoln-Lancaster Cnty. Crime Stoppers, Inc.*, 885 N.W.2d 1, 14 (Neb. 2016) ("[i]n order to survive as a separate cause of action, a false light claim must allege a nondefamatory statement. If the statements alleged are defamatory, the claims would be for defamation only, not false light privacy." (internal quotation marks and citations omitted)); *Moats v. Republican Party of Nebraska*, 796 N.W.2d 584, 598 (Neb. 2011) ("[i]n order to survive as a separate cause of action, a false light claim must allege a nondefamatory statement. If the statements alleged are defamatory, the claims would be for defamation only, not false light privacy."; "a statement alleged to be both defamatory and a false light invasion of privacy is subsumed within the defamation claim and is not separately actionable" (internal quotation marks and citations omitted)).

In a likely attempt to avoid the statutes of limitations, Plaintiff also seeks to add a 42 U.S.C. § 1983 First Amendment claim against Defendants Gray Media Group, Inc., doing business as 1011 News KOLN/KGIN, and the Lincoln Journal Star. (Filings 133, 135, 150, 151.) Again, such a claim is not actionable because these Defendants are not state actors, and only state actors may be liable under section 1983. *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir.

2022). Here, Plaintiff makes no factual allegations whatsoever indicating that these Defendants were exercising a power traditionally exclusively reserved to the state or a nexus between the state and the alleged First Amendment violation. *Id*. at 928-29 (discussing characteristics of state actors for purposes of section 1983 claims). Therefore, it would be futile to allow Plaintiff to amend his Amended Complaint to add such a claim. *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1930 (2019) ("when a private entity [here a private nonprofit corporation that operated a public access cable channel] provides a forum for speech, the private entity is not ordinarily constrained by the First Amendment because the private entity is not a state actor").

Because the claims Plaintiff seeks to add in his Motions to Amend the Amended Complaint (Filings 132, 133, 134, 135, 150, 151) are not actionable, these Motions will be denied.

### 2. Motion to Dismiss Party (Filing 139)

Plaintiff has moved to dismiss Defendant Carly Lobeda. (Filing 139.) Construing Plaintiff's Motion to Dismiss as a Notice of Dismissal filed prior to service of an answer or motion for summary judgment by such Defendant, and pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), Plaintiff's Motion will be granted.

## IV. CONCLUSION

After resolution of the Motions discussed above, the following claims remain pending in this lawsuit.

### Federal Claims:

• Plaintiff's Fourth Amendment claims for false arrest and unlawful search against Defendant Lincoln Police Officers Matthew Franken and Melissa C. Ripley in their individual capacities.

13

• Plaintiff's Fourteenth Amendment claim challenging the conditions of Plaintiff's confinement in the Lancaster County Jail against Defendant Lancaster County Jail Correctional Officers Brett Wheeler, Kai Akeson, Scott Lengel, Weston Vock, Ben Murphy, Jon Ott, Matthew Daake, Bradley Johnson, Joseph Anderson, Rick Gray, Adam Bassinger, Andrew Holsing, and Jared Donnelly in their individual capacities.

• Plaintiff's Fourteenth Amendment excessive-force claim for twisting and injuring Plaintiff's arm in the Lancaster County Jail against Defendant Lancaster County Jail Correctional Officers Brett Wheeler, Kai Akeson, Scott Lengel, Weston Vock, Ben Murphy, Jon Ott, Matthew Daake, Bradley Johnson, Joseph Anderson, Rick Gray, Adam Bassinger, Andrew Holsing, and Jared Donnelly in their individual capacities.

<u>State-Law Claims:</u>

• Plaintiff's claim for false arrest against Lincoln Police Officers Matthew Franken and Melissa C. Ripley in their individual capacities.

• Plaintiff's claims for intentional infliction of emotional distress and false imprisonment at the Lancaster County Jail against Defendant Lancaster County Jail Correctional Officers Brett Wheeler, Kai Akeson, Scott Lengel, Weston Vock, Ben Murphy, Jon Ott, Matthew Daake, Bradley Johnson, Joseph Anderson, Rick Gray, Adam Bassinger, Andrew Holsing, and Jared Donnelly in their individual capacities.

• Plaintiff's claim for excessive force for twisting and injuring Plaintiff's arm in the Lancaster County Jail against Defendant Lancaster County Jail Correctional Officers Brett Wheeler, Kai Akeson, Scott Lengel, Weston Vock, Ben Murphy, Jon Ott, Matthew Daake, Bradley Johnson, Joseph Anderson, Rick Gray, Adam Bassinger, Andrew Holsing, and Jared Donnelly in their individual capacities.

IT IS ORDERED:

1.  The Clerk of Court shall change Defendant "10/11 NEWS (KOLN/KGIN)" in the case caption to "Gray Media Group, Inc., doing business as 1011 News KOLN/KGIN."

2.  The Motion to Dismiss (Filing 89) filed by Gray Media Group, Inc., doing business as 1011 News KOLN/KGIN, is granted, and Plaintiff's claim for defamation or slander against Gray Media Group, Inc., doing business as 1011 News

KOLN/KGIN, is dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted as barred by the applicable statute of limitations. Defendant Gray Media Group, Inc., doing business as 1011 News KOLN/KGIN, is dismissed as a party to this action.

3. The Motion to Dismiss (Filing 94) filed by Defendant Lincoln Journal Star Newspaper is granted, and Plaintiff's claims against the Lincoln Journal Star Newspaper are dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) as barred by the applicable statute of limitations. Defendant Lincoln Journal Star Newspaper is dismissed as a party to this action.

4. Filing 96, a Motion to Dismiss, will be granted as to some of the Defendants and denied as moot as to other of the Defendants, as follows:

a. The Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Filing 96) filed by Defendants Wheeler, Akeson, Lengel, Vock, Murphy, Ott, Daake, Bradley Johnson, Anderson, Gray, Bassinger, Holsing, and Donnelly in their official capacities is granted, and Plaintiff's state-law tort claims for intentional infliction of emotional distress, false imprisonment, and excessive force are dismissed with prejudice as against these Defendants in their official capacities.

b. The Motion to Dismiss (Filing 96) filed by Defendants McCoy, Stephen Johnson, Houseman, and Lobeda are denied as moot because Defendants McCoy, Stephen Johnson, and Houseman were dismissed from this action without prejudice pursuant to Plaintiff's Notice of Dismissal on May 10, 2022 (Filing 105), and Defendant Lobeda will be dismissed from this action pursuant to Plaintiff's Motion to Dismiss (Filing 139).

5. The Motion to Dismiss (Filing 141) pursuant to Fed. R. Civ. P. 12(b)(1) and (6) filed by Defendants Franken and Ripley in their official capacities is granted,

15

and Plaintiff's state-law false-arrest claim is dismissed with prejudice as against these Defendants in their official capacities.

6. Plaintiff's Motion to Dismiss Defendant Carly Lobeda (Filing 139), construed as a Notice of Dismissal filed prior to service of an answer or motion for summary judgment by such Defendant and pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), is granted, and Defendant Lobeda is dismissed from this case without prejudice.

7. Plaintiff's Motions to Amend the Amended Complaint (Filings 132, 133, 134, 135, 150, 151) are denied.

8. The Motion to Strike (Filing 155) Plaintiff's Motion to Amend is denied as moot.

DATED this 7th day of October, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge